**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOMMY BODEN, AKA Shane Boden,

Plaintiff-Appellant,

v.

NUTRIEN AG SOLUTIONS, INC., FKA
Crop Production Services, Inc.,

Defendant-Appellee.

No.    21-35100

D.C. No. 4:18-cv-00266-JMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
James Maxwell Moody, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Before:  RAWLINSON and LEE, Circuit Judges, and KENNELLY,[**] District
Judge.

Tommy Boden (Boden) appeals the district court's grant of summary

judgment in favor of Nutrien AG Solutions, Inc. (Nutrien).  Boden alleged that

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Nutrien terminated him from his position as an agricultural sales representative due to his disability and age in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). Boden contends that the district court erred in granting summary judgment on his ADA claim because he raised a material factual dispute that he was disabled and was terminated on account of his disability. Boden further asserts that the district court erred in granting summary judgment in favor of Nutrien on his ADEA claim because he presented direct evidence of discriminatory animus.

The district court properly granted summary judgment on Boden's ADA claim because Boden failed to raise a material factual dispute that he was disabled or that Nutrien was aware of any disability when he was terminated. Boden's medical records indicated that Boden was cleared to work without restrictions, and Boden acknowledged in his deposition that he was capable of working without restrictions. *See Garcia v. Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019) (explaining that "[a] doctor's release to work without restrictions supports a finding that a person no longer suffers from a disability") (citations and internal quotation marks omitted). Additionally, Boden failed to raise a material factual dispute that Nutrien was aware of Boden's purported disability, or based Boden's termination on a perceived disability. *See Lopez v. Pac. Maritime Ass'n*, 657 F.3d

2

762, 765 (9th Cir. 2011), *as amended* (recognizing that "[i]f the employer were truly unaware that a disability existed, it would be impossible for [its employment] decision to have been based, even in part, on the employee's disability") (citation and alterations omitted).

However, the district court erred in granting summary judgment in favor of Nutrien on Boden's ADEA claim. We have held that "[d]irect evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the *fact finder* to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004), *as amended* (citation, alteration, and internal quotation marks omitted) (emphasis in the original).

Boden presented direct evidence of discriminatory animus based on the depositions of two former customers. One customer related that, when he spoke to the manager who terminated Boden,[1] the manager conveyed that Nutrien had "a

---

[1] The Nutrien manager who conversed with the customers made the decision to terminate Boden. Due to direct evidence of discriminatory animus, we are unpersuaded by Nutrien's assertions that summary judgment was warranted on Boden's ADEA claim based on the same-actor inference. *See Coghlan v. Am.*

(continued...)

new guy, he's younger, he's educated. And . . . they need[ed] someone new and someone educated. And [Boden was] too old." Another customer recounted that, when he spoke to the manager about Boden's termination, he responded that Nutrien had found "somebody younger and eager."

In light of this direct evidence of discriminatory animus, the district court also erred in applying the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Enlow*, 389 F.3d at 812 (explaining that "[w]hen a plaintiff alleges disparate treatment based on direct evidence in an ADEA claim, we do not apply the burden-shifting analysis set forth in *McDonnell Douglas*"). Rather, we determine whether the plaintiff raised a material factual dispute that his age was "a motivating factor" in his termination in light of the direct evidence of discriminatory animus. *Id.* The direct evidence of discriminatory animus toward Boden met this standard.[2]

---

[1](...continued)
*Seafoods Co. LLC*., 413 F.3d 1090, 1096 & n.10 (9th Cir. 2005) (recognizing in *a case lacking "any direct evidence of . . . discriminatory intent"* that "when the allegedly discriminatory actor is someone who has previously selected the plaintiff for favorable treatment, that is very strong evidence that the actor holds no discriminatory animus, and the plaintiff must present correspondingly stronger evidence of bias in order to prevail") (emphasis added).

[2] Because Boden raised a material factual dispute precluding summary judgment based on direct evidence, we need not and do not address Boden's appeal
(continued...)

**AFFIRMED in part and REVERSED in part.**

---

[2](...continued)
of the district court's grant of Nutrien's motion to strike portions of the declarations submitted by Boden and Isaac Walker.